AO93 Search and Seizure Warrant

SEALED

# UNITED STATES DISTRICT COURT
for the
District of Arizona



In the Matter of the Search of
3600 W Ray Road Apartment 1099, Chandler,
AZ 85226, and the Person of Xinyu Gong.

Case No.   26-9025 MB

(Filed Under Seal)

## SEARCH AND SEIZURE WARRANT

To:       Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 2/26/2026_____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona.</u>

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 2/13/2026@10:25am      _Eswillett_____

_Judge's signature_

City and state: <u>Phoenix, Arizona_____</u>      <u>Honorable Eileen S. Willett, U.S. Magistrate Judge____</u>
_Printed name and title_

# ATTACHMENT A

## DESCRIPTION OF THE PROPERTY AND PERSON

## TO BE SEARCHED

**PROPERTY:**

An apartment unit within a two-story apartment complex rented to Xinyu Gong, located at 3600 W Ray Road Apartment 1099, Chandler, AZ 85226. Gong resides with his spouse. Based on observation of pattern of life, the wife is most likely to be at work during the search as she usually leaves the residence by 7:30 a.m.



Search for all items listed within ATTACHMENT B.

**PERSON:**

Name: Xinyu Gong

Date of Birth: 10/06/1991

SSN: 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

Home Address: 3600 W Ray Road Apt1099, Chandler, Arizona

Work Address: 5740 West Chandler Avenue Suite 1, Chandler, Arizona

Telephone number: 515-735-6652



Search for all items listed within ATTACHMENT B.

**ATTACHMENT B**

**ITEMS TO BE SEARCHED AND SEIZED**

1.    The items to be seized are a cellular telephone, iPhone 11 with IMEI 353982103131571, registered to telephone number +1 515-735-6652, and related electronic storage media used to store and/or share information proprietary to Company 2 (hereinafter the "DEVICES") that are possessed by Xinyu GONG (hereinafter "GONG") including anything contained within that cellular telephone and electronic storage media that is fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 1832, Theft of Trade Secrets, (the "TARGET OFFENSE") that have been committed by GONG from June 24, 2021 to present, including but not limited to

    a. Evidence of the TARGET OFFENSE, including but not limited to:

        i. Evidence of any conspiracy, planning, or preparation to commit this offense;

        ii. Evidence concerning efforts after the fact to conceal evidence of the offense, or to flee prosecution for the same;

        iii. Evidence concerning materials, devices, or tools that were used to unlawfully commit the TARGET OFFENSE;

        iv. Evidence of additional communication devices used for the same purpose;

        v. Evidence of the state of mind of the subject and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation;

        vi. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii)

communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

    vii. Any non-public information belonging to Company 2, including information about the retention, use or other misappropriation by GONG of such information;

    viii. Records and information related to applications for grants, funding, or awards from foreign governments or foreign instrumentalities;

    ix. Records relating to the researching, development, engineering, manufacturing, marketing, selling, or other dealings with Company 2 integrated circuits;

b. Evidence of additional digital devices including servers, computers, laptops, hard drives, or electronic storage devices, and records reflecting their ownership and use, which contain records of the commission of the TARGET OFFENSE.

c. Evidence of safes, both combination and key type, and their contents, which can contain evidence of the commission of the TARGET OFFENSE or proceeds from the commission of the TARGET OFFENSE.

d. Indicia of ownership, including, stored records of receipts, invoices, bills, canceled envelopes, and keys (physical and digital), which provides evidence of identity as to individuals committing the TARGET OFFENSE; and

e. For any DEVICES capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above:

    i. evidence of who used, owned, or controlled the DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and

passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

ii. evidence of software, or the lack thereof, that would allow others to control the DEVICES, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment to the DEVICES of other storage devices or similar containers for electronic evidence;

iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the DEVICES;

v. evidence of the times the DEVICES were used;

vi. passwords, encryption keys, and other access devices that may be necessary to access the DEVICES;

vii. documentation and manuals that may be necessary to access the Device or to conduct a forensic examination of the DEVICES;

viii. records of or information about Internet Protocol addresses used by the DEVICES;

ix. records of or information about the DEVICES' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

x. stored communications, including email messages and text messages accessible through applications on the DEVICES or in backup files, including Telegram, WhatsApp, WeChat, and similar electronic and encrypted messaging applications; and

     xi. photographs of the co-conspirators, their associates, or any fruits or instrumentalities of their crimes.

2. GONG's cellular telephone with telephone number 515-735-6652.

3. Evidence of who used, owned, or controlled the digital records at the time the activities described in this warrant occurred, such as logs, registry entries, saved usernames and passwords, documents, and access history.

4. Any account information showing access to internet-based storage applications, such as DropBox or OneDrive, or internet-based files transfer programs, such as WeTransfer.

5. Passwords, encryption keys, and other access devices that may be necessary to access the digital records.

6. The term "digital devices" includes a cellular telephone and a laptop computer used by GONG in or around December 2021 or subsequently obtained and likely to contain the information and evidence sought through this search warrant.

7. This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

8. During the execution of the search of the Subject Premises described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to

the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: 2025R11602 26-9025MB | Date and Time Warrant Executed: 02/20/2026 8:30 AM | Copy of warrant and inventory left with: Xingu Gong |
|---|---|---|

Inventory Made in the Presence of:
Special Agent Laura D'Cato

Inventory of the property taken and name of any person(s) seized:

1. Cell Phone found on Xingu Gong S/N: MFQH2C7JJL
2. 3 USB Sticks
3. San Disk 1TB extreme Portable SSD w/Cord, model SDSSDE601T8
4. Light Blue iPhone IMEI: 353982103131571
5. Rose gold Colored iphone model A1662 - IMEI: 355800072315074
6. Rose gold iphone IMEI: 356764088404091
7. White 'aigo' USB Stick 8GB S/N: SIC775904700732
8. Silver 16GB iPad S/N: DLXH1BJ2DFHW (engraved)
9. Composition notebook and misc Paperwork (schematics) in dropfile
10. Orange folder with misc handwritten notes

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 02/23/2026

_____
Executing officer's signature

Andreina Sainvilman - Special Agent
Printed name and title